### 23195

The STATE, Respondent v. James Ray DABNEY, Appellant. The STATE, Respondent v. Ronald Eugene BLACK, Appellant. The STATE, Respondent v. Donald S. JAMISON, Appellant. The STATE, Respondent v. Kenton Thomas HALL, Jeffrey Dean Gregg, Robert Lewis Gilchrist, Bobby O'Neal Holder, and Dean Mitchell Malone, Appellants. The STATE, Respondent v. Edward HIGGINS, Appellant.

(391 S.E. (2d) 563)

Supreme Court

*Thomas A. McKinney*, Rock Hill, *for appellant James Ray Dabney.*

*William E. Whitney, Jr.*, Union, *for appellant Ronald Eugene Black.*

*C. Rauch Wise, Marvin R. Watson*, and *Billy J. Garrett, Jr.*, Greenwood, *for appellants Kenton Thomas Hall, Jeffrey Dean Gregg, Robert Lewis Gilchrist, Bobby O'Neal Holder* and *Dean Mitchell Malone.*

*Melvin A. Roberts*, York, *for appellant Donald S. Jamison.*

*Assistant Appellate Defender Joseph L. Savitz, III*, of *S.C. Office of Appellate Defense*, Columbia, *for appellant Edward Higgins.*

*Attorney General T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Norman Mark Rapoport*, Columbia, and *Sols. Larry F. Grant*, York and *W. Townes Jones*, Greenwood, *for respondent.*

Heard, March 5, 1990.

Decided April 16, 1990.

*Per Curiam:*

Appellants pled guilty to or were convicted of driving under the influence (DUI). All had previous DUI convictions that they assert were erroneously used in calculating the level of the present offenses. We affirm.

South Carolina Code Ann. § 56-5-2940 (Supp. 1989) establishes the penalty for first offense DUI and for subsequent offenses, and provides the method for determining what previous offenses shall be included in calculating the appropriate penalty. Prior to May 21, 1981, the time period

for consideration of previous offenses was ten (10) years. On May 21, 1981, the time period was reduced to five (5) years. Effective January 1, 1989, the time period was again increased to ten (10) years.

Appellants committed the present offenses after January 1, 1989. They were sentenced under the amended statute and received enhanced punishment based on their prior DUIs which were committed more than five (5) years but less than ten (10) years before the commission of the present offense. Appellants assert the application of § 56-5-2940 to their cases is unconstitutional as a violation of the *ex post facto* clause. We disagree.

A law which imposes additional punishment to that prescribed at the time the offense was committed is prohibited under the *ex post facto* clauses of the United States and South Carolina Constitutions. U.S. Const. art. I, § 10, cl. 1; S.C. const. art. I, § 4; *Weaver v. Graham*, 450 U.S. 24, 101 S. Ct. 960, 67 L. Ed. (2d) 17 (1981); *State v. Matthews*, 296 S.C. 379, 373 S.E. (2d) 587 (1988). However, it is not a violation of the *ex post facto* clause for the legislature to enhance punishment for an offense based on a prior conviction of the defendant, even though the enhancement provision was not in effect at the time of the previous offense. *Gryger v. Burke*, 334 U.S. 728, 68 S. Ct. 1256, 92 L. Ed. 1683 (1947); *McDonald v. Massachusetts*, 180 U.S. 311, 21 S. Ct. 389, 45 L. Ed. 542 (1900); cf. *Fender v. Thompson*, 883 F. (2d) 303 (4th Cir. 1989) and *Schwartz v. Muncy*, 834 F. (2d) 396 (4th Cir. 1987) (violation of *ex post facto* clause to affect parole eligibility existing at time of conviction).

In these cases, the amendment of § 56-5-2940 simply lengthened the period of time previous convictions can be used to increase the punishment for a subsequent offense. Appellants committed the offenses they were sentenced for *after* the effective date of the statute's amendment and it was their conduct in committing these offenses that triggered the recidivist feature of § 56-5-2940. We hold the statute does not violate the *ex post facto* clause. *See Hinson v. Coulter*, 150 Ariz. 306, 723 P. (2d) 655 (1986).

Accordingly, appellants' convictions and sentences are affirmed.

Affirmed.