482

504 S.E.2d 111

**Ronnie L. PHILLIPS, Respondent,**

**v.**

**STATE of South Carolina, Petitioner.**

**No. 24820.**

Supreme Court of South Carolina.

Submitted May 27, 1998.

Filed July 20, 1998.

Refiled Aug. 17, 1996.

Rehearing Denied Aug. 27, 1998.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Teresa A. Knox, Columbia, for petitioner.

Wanda H. Haile, of South Carolina Office of Appellate Defense, Columbia, for respondent.

## ORDER

It is ordered that the opinion heretofore filed in this case, Opinion No. 24820, filed July 20, 1998, be withdrawn and the attached opinion substituted.

**AND IT IS SO ORDERED.**

/s/ Ernest A. Finney, Jr., C.J.
For the Court

BURNETT, J., not participating.

## ON WRIT OF CERTIORARI

FINNEY, Chief Justice:

In this post-conviction relief (PCR) action, the circuit court granted respondent relief, finding the application of a statute denying respondent parole eligibility violated his *ex post facto* rights. The Court granted the State's petition for a writ of certiorari. We reverse.

In 1986 and 1987, respondent committed numerous crimes, including first degree burglaries. He ultimately pled guilty in 1987 to several charges, including four counts of first degree burglary, all committed after June 3, 1986. Respondent had a 1982 conviction for armed robbery. The Legislature enacted South Carolina Code Ann. § 16–1–60, which took effect June 3, 1986. Under this statute, both first degree burglary and armed robbery were defined as violent crimes. The parole eligibility statute denied parole to those "serving a sentence for a second or subsequent conviction, for violent crimes . . . . . " S.C.Code Ann. § 24–21–640 (Supp.1997).[1]

---

1. The relevant language has not been altered in the statutory amendments made between 1986 and 1997.

484

Respondent brought this PCR action, alleging his *ex post facto* rights were violated when, as the result of the enactment of § 16–1–60, his 1982 armed robbery conviction was used to deny him parole eligibility on his 1987 burglary pleas.[2] It is not a violation of the *ex post facto* clause for the legislature to enhance punishment for a later offense based on a prior conviction, even though the enhancement provision was not in effect at the time of the prior offense. *State v. Dabney*, 301 S.C. 271, 391 S.E.2d 563 (1990). Accordingly, the order granting respondent post-conviction relief is

**REVERSED.**

TOAL, MOORE and WALLER, JJ., concur.

BURNETT, J., not participating.

---

**2.** We note that between 1993 and 1995, § 16–1–60 was amended to provide it had prospective effect only. We express no opinion on the impact of this language on persons committing offenses during this period.