504 S.E.2d 110

**Danny Lee SULLIVAN, Respondent,**

v.

**The STATE, Petitioner.**

**No. 24822.**

Supreme Court of South Carolina.

Submitted June 16, 1998.

Filed July 27, 1998.

Refiled Aug. 17, 1998.

Rehearing Denied Aug. 27, 1998.

Assistant Appellate Defender Aileen P. Clare and Chief Attorney Dan T. Stacey, both of the South Carolina Office of Appellate Defense, Columbia, for respondent.

Attorney General Charles Molony Condon, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Teresa A. Knox, Columbia, for petitioner.

## ORDER

**PER CURIAM:**

It is ordered that the opinion heretofore filed, Opinion No. 24822, filed July 27, 1998, be withdrawn and the attached opinion be substituted.

**AND IT IS SO ORDERED.**

FINNEY, Chief Justice:

The circuit court granted respondent Danny Lee Sullivan post-conviction relief (PCR), finding the retroactive application of a statute denying respondent parole eligibility violated his *ex post facto* rights. We reverse.

Respondent pled guilty to two counts of assault and battery with intent to kill (ABIK). These offenses were committed on August 31, 1984. Respondent was sentenced to ten years in prison, suspended upon the service of five years probation. Respondent pled guilty in 1988 to voluntary manslaughter and was sentenced to thirty years in prison. This offense was committed on September 23, 1987.

Respondent was informed in 1989 by the South Carolina Department of Probation, Parole and Pardon Services that he was not eligible for parole because he was serving a sentence for a violent crime, after having been convicted and sentenced for a separate violent crime. Respondent's prior conviction was not defined as a violent offense until 1986. In 1994, respondent was informed that he was no longer considered to

be a multi-violent offender and would become parole eligible because the violent crimes statute was amended. However, in 1995, respondent was informed that he was returned to his prior position because of the retroactive amendment to the violent crime law.

The PCR Judge granted respondent's application for relief and found that the retroactive application of the violent crime definition for purposes of parole eligibility violates the *ex post facto* clause of the State Constitution. We disagree.

In 1986, S.C.Code Ann. § 24–21–640 was amended to provide that parole may not be granted "nor is parole authorized to any prisoner serving a sentence for a second or subsequent conviction, for violent crimes as defined in Section 16–1–60." The violent crime statute, S.C.Code Ann § 16–1–60, effective June 3, 1986, defined ABIK as a violent crime. Section 16–1–60 was amended effective January 1, 1994 to require that the prior offense had to be defined as a violent crime at the time of commission of the act. In 1995, the statute was amended to delete the above restriction.

The violent crime statute was applicable when respondent committed the second offense in 1987. Accordingly, ABIK was considered a violent crime making respondent ineligible for parole when he was sentenced for the voluntary manslaughter committed in 1987. The 1994 and 1995 amendments did not affect respondent's non-eligibility for parole. Furthermore, it is not a violation of the *ex post facto* clause for the legislature to enhance punishment for an offense based on a prior conviction of the defendant, even though the enhancement provision was not in effect at the time of the previous offense. *State v. Dabney*, 301 S.C. 271, 391 S.E.2d 563 (1990). Accordingly, the order granting post-conviction relief is

**REVERSED.**

TOAL, MOORE, WALLER and BURNETT, JJ., concur.