**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

George M. Adams, #181283, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2013-001561

———————

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

———————

Unpublished Opinion No. 2016-UP-434
Submitted September 1, 2016 – Filed October 19, 2016

———————

**AFFIRMED**

———————

George M. Adams, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————

**PER CURIAM:**  George M. Adams appeals the Administrative Law Court's (ALC) order affirming a decision of the South Carolina Department of Probation, Parole and Pardon Services (the Department) finding Adams was ineligible for

parole because of a prior violent crime conviction.  Adams argues the ALC erred in ruling the Department (1) had the authority to consider his sentencing date, rather than the date he committed the offense, when determining whether a crime was classified as violent; (2) did not violate his state and federal constitutional rights concerning a pre-existing expectation of parole eligibility; and (3) did not "jurisdictionally restructure" his sentence.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. The ALC properly affirmed the Department's decision finding Adams ineligible for parole based on a prior violent crime conviction because Adams's prior offense of first-degree burglary was classified as a violent crime under section 16-1-60 of the South Carolina Code at the time he committed the offense for which he is seeking parole.  *See* S.C. Code Ann. § 24-21-640 (Supp. 2015) ("The board must not grant parole nor is parole authorized to any prisoner serving a sentence for a second or subsequent conviction, following a separate sentencing for a prior conviction, for violent crimes as defined in [s]ection 16-1-60."); *Sullivan v. State*, 331 S.C. 479, 481, 504 S.E.2d 110, 111 (1998) (finding an inmate ineligible for parole based on a prior conviction because the prior crime was classified as violent under section 16-1-60 at the time the inmate committed the offense for which he was seeking parole); S.C. Code Ann. § 16-1-60 (Supp. 1992) (classifying first-degree burglary as a violent crime).[2]

2. The ALC did not err in finding the Department did not violate any state or federal constitutional rights concerning Adams's alleged pre-existing expectation of parole eligibility because section 24-21-640 was in effect at the time Adams committed his current offense; therefore, Adams was never eligible for parole due to his prior violent crime conviction.  *See Kurschner v. City of Camden Planning Comm'n*, 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008) ("Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment of the United States Constitution.").  Furthermore, the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Even if we were to use the date Adams committed first-degree burglary when determining whether it was a violent crime for the purposes of determining his parole eligibility under section 24-21-60, Adams would still be ineligible for parole because first-degree burglary was also classified as a violent crime at the time he committed that offense.

ALC properly found there was no ex post facto violation in this case. *See Jernigan v. State*, 340 S.C. 256, 261, 531 S.E.2d 507, 509 (2000) ("An ex post facto violation occurs when a change in the law retroactively alters the definition of a crime or increases the punishment for a crime.").

3. The ALC did not err in finding parole eligibility was not included as part of Adams's sentence. *See Major v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 384 S.C. 457, 465, 682 S.E.2d 795, 799 (2009) ("[A] sentencing court is not authorized to determine parole eligibility."). Adams mistakenly argues his sentence under section 16-3-20(A) of the South Carolina Code (Supp. 1992) *granted* him parole eligibility after twenty years' imprisonment. Instead, that section *restricted* his parole eligibility for a period of twenty years. In Adams's case, after he served twenty years' imprisonment he was no longer ineligible for parole under section 16-3-20(A); however, he continued to be ineligible under section 24-21-640 because of his prior violent crime conviction.

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**