## 18418

The STATE, Appellant, v. Frederick Albert DEFEE, Richard Sands, John C. Hampton, John R. Stokes, Claire Stokes and Lila Mae Bailey, Respondents

(144 S. E. (2d) 806)

Messrs. Daniel R. McLeod, Attorney General, C. T.
Goolsby, Jr., Assistant Attorney General, and John W.
Foard, Jr., Solicitor, of Columbia, for Appellant,

Messrs. Dallas D. Ball, Luther M. Lee, Taylor B. Rion,
Donald Aaron, D. M. Winter, Jr., and Vernon Scott, all of
Columbia, for Respondents,

November 5, 1965.

*Per Curiam:*

This is an appeal from an Order of the Honorable John
Grimball, Resident Judge of the Fifth Judicial Circuit,
quashing the indictment returned against the Respondents
by the Richland County Grand Jury. The Order appealed
from sets forth the facts and correctly disposes of the ques-
tions presented and is adopted as the Opinion of the Court
with the additional observation that *Independence Ins. Co.*

*v. Independent Life & Accident Ins. Co.*, 218 S. C. 22, 61 S. E. (2d) 399, is determinative of the matter against Appellant.

The order of Judge Grimball follows:

The above-named Defendants were arrested by warrants dated May 20, 1965, with the exception of Defendant, Lila Mae Bailey, who was arrested by warrant dated June 8, 1965, all warrants charging violation of Section 16-414 of the Criminal Code of Laws of South Carolina of 1962 and for conspiracy to violate said Section.

The above-named Defendants were indicted in the June Term, 1965, on both counts and on June 22, 1965, a true bill was returned against all Defendants on both counts. The indictment more specifically charges the Defendants as follows:

"That Frederick Albert Defee, Richard Sands, John C. Hampton, John R. Stokes, Claire Stokes, and Lila Mae Bailey, late of the County and State aforesaid, on the 30th day of October in the year of our Lord one thousand nine hundred and sixty-four and divers other dates both prior and subsequent thereto, with force and arms, at Richland County Court House in the County and State aforesaid, did knowingly print, photograph, publish, sell, distribute, receive and have in their possession obscene, indecent and nude films and pictures of persons containing obscene, indecent and improper pictures which would manifestly tend to corrupt the morals of youths, for the purpose of sale, exhibition and circulation."

Attorneys for the Defendants, John R. Stokes and Claire Stokes, made a Motion to quash said indictment on June 22, 1965, said Motion being made before trial on said charges on the following grounds:

(1) That Section 16-414 of the Code of Laws is unconstitutional and void in that it is vague and fails to define the offense and therefore any trial thereunder for alleged violations would be a denial of due process of law as guaranteed by the South Carolina and United States Constitutions.

(2) That Section 16-414 of the Code of Laws was effectively repealed by the enactment of Act No. 265 of the South Carolina Acts and Joint Resolutions (1965), said Act being signed into law by his excellency the Governor on May 12, 1965, said Act becoming effective after the alleged violations but before trial.

This matter was heard on June 23, 1965, in open Court with attorneys for all Defendants present. Attorneys for Defendants John C. Hampton and Frederick Albert Defee joined the attorneys for John R. and Claire Stokes in the Motion to quash said indictment.

This matter is before me for a ruling upon the law applicable to the case and the holding herein is in no way a determination of the innocence or guilt of the parties charged.

In order to construe the law in this matter it is well to look into the actions of the South Carolina Legislature thereabouts. In January 1965 a bill was sponsored and introduced in the House of Representatives by members Medlock and Cobb of the Richland County delegation. This bill, entitled H-1101, was for the purpose of amending Section 16-414 by striking the present law in its entirety and inserting the new law. This bill, as introduced, provided for punishment upon conviction up to two (2) years imprisonment or One Thousand ($1,000.00) Dollars fine.

Subsequently these same members sponsored and introduced H-1338 which in effect superseded H-1101 and was for the purpose of amending Section 16-414 by striking it in its entirety and substituting therefor the proposed bill. This bill provided for up to a maximum Ten Thousand ($10,000.00) Dollars fine for first offenders and a maximum Twenty-five Thousand ($25,000.00) Dollars fine or five (5) years imprisonment for second offenders. It is also provided that certain offenders upon conviction for second offense would be charged with a felony.

Senator Lawson, during this same term, introduced a bill in the Senate pertaining to this same matter which made

the offense a misdemeanor and provided for thirty (30) days imprisonment or One Hundred ($100.00) Dollars fine for first offenders or sixty (60) days imprisonment or Two Hundred ($200.00) Dollars fine for second offenders. After several amendments and much debate and discussion the matter was reported from committee and passed and is now Act No. 265 of the Acts and Joint Resolutions of South Carolina (1965). A comparison of the new Act and Section 16-414 reveals that all the areas covered by 16-414 are encompassed by the new Act.

Section 16-414 provides in part:

"Whoever knowingly imports, prints, publishes, sells or distributes any book, pamphlet, ballad, printed paper or other thing containing any obscene, indecent or improper print, picture, figure or description manifestly tending to the corruption of the morals of youth * * *."

Section 2 of the new Act provides:

"It shall be unlawful for any person knowingly to send or cause to be sent, or to bring or cause to be brought into South Carolina for sale or distribution, or to prepare, publish, print, exhibit, distribute, or to offer to distribute in the State, or to have in his possession with intent to distribute, or to exhibit or to offer to distribute, any obscene matter."

It can readily be seen that Section 2 of the new Act covers all areas set forth in that part of 16-414 above related.

Section 16-414 also provides in part:

"or introduces into a family, school or place of education or brings, procures, receives or has in his possession any such book, pamphlet, printed paper, picture, ballad or other thing, either for the purpose of sale or exhibition or to aid in a circulation or with intent to introduce the same into a family, school or place of education * * *."

Section 2 of the new Act is broad enough to cover all these areas by the use of "any person", "or to prepare, pub-

lish, print, exhibit, distribute, or to offer to distribute"; this language applies anywhere and is not just limited to school, home or place of education. Section 3 goes on to specifically protect minors under sixteen (16) years old from being subjected to this material. The new Act therefore encompasses all this area and more.

Section 16-414 then provides penalties for violation of said Act by stating as follows:

"[S]hall be punished by imprisonment not exceeding two years or by a fine not exceeding one thousand dollars, or both, at the discretion of the court."

Act 265(8) of the 1965 Acts and Joint Resolutions of South Carolina provides punishment for violation of said Act. This is the area where the two Acts are not the same. Under 16-414 there was a maximum of two (2) years imprisonment or a fine of One Thousand ($1,000.00) Dollars; the new Act provides for a fine of One Hundred ($100.00) Dollars or thirty (30) days imprisonment for first offenders and up to sixty (60) days imprisonment or a fine of Two Hundred ($200.00) Dollars for second offenders. Obviously the purpose of the new Act was meant to broaden the scope of this Section and to provide a lesser punishment for violation thereof.

The new Act did not provide a savings clause which is generally the case if the old Section is not intended to be superseded.

After a careful study of the various proposed acts of the Legislature and in deciding the law applicable herein a study of the decisions of our Supreme Court and other authorities is necessary.

In *State v. Moore,* 128 S. C. 192, 122 S. E. 672, the Defendant Moore was indicted under Section 208, Criminal Code of 1912, for drawing a check when he had no funds on deposit. Prior to his trial the legislature re-enacted this Section but required the presence of a fraudulent intent. The Court in holding that the Act of 1923 repealed Section 208

and granting the demurrer to the indictment quoted with approval the following:

"Sutherland on Statutory Construction, § 142: 'A change of the elements of the offense, or in the elements of the penalty will destroy the identity of the offense and effect a repeal to the extent of the repugnance.'

"25 Ruling Case Law, p. 930:

" 'Thus where a later statute defines an offense that is described in an earlier statute, the earlier statute is repealed.' "

In *State v. Spencer*, 177 S. C. 346, 181 S. E. 217, 1935, the Court in deciding whether the 1935 liquor law repealed the prohibition law of this State, or at least the sections under which Spencer was convicted the Court stated:

"The crime for which the defendant was convicted is of purely statutory origin. The common law knew no such offense as that for which the defendant was tried. It was competent, however, for the Legislature to make the act in question a crime. It did so. Subsequently, pursuant to the result of a state-wide referendum, the Legislature repealed (so it will be assumed for the purposes of the presentation of the present point) the law creating the crime. In effecting this repeal, it could have made provision to prevent the discontinuance of pending prosecutions for acts committed while the previous law was in force. That is a familiar legislative course. The failure to do so cannot be regarded as accidental or immaterial. The result is to leave the conviction of the appellant to the disposition of the courts according to the accepted rules of statutory construction in such cases. * * *

"The 1935 liquor act is defined in its title as one (a) to define alcoholic beverages; (b) to legalize and regulate the transportation, sale, possession, and use of alcoholic liquors; (c) to provide for the licensing of the transportation and sale of alcoholic liquors, etc. The all-prevading scope of the act as thus entitled is fully sustained by the terms of the statute. In respect to the matters referred to in the title, the

act sets up a system of regulation of all matters relating to the procurement by purchase or otherwise, and to the sale or other disposition and transportation of intoxicating liquors. It thus covers specifically and broadly the offenses of possession and transportation, with which the defendant was charged under the earlier law, and further covers by new regulations the alcoholic content of beverages permissible under the law. It is obviously impossible for the pre-existing law relating to the possession and transportation of beverages containing more than 1 per cent of alcohol to stand alongside, as complementary to the 1935 act which deals with the same subjects, and imposes entirely new rules as to every phase of the matter."

In *State v. Gilliam,* 208 S. C. 126, 37 S. E. (2d) 299, 1946, the South Carolina Supreme Court did permit a prosecution of Gilliam on a liquor violation under a statute which had been repealed, but the new statute contained a *"saving clause"* for violations prior to *"approval"* of the Liquor Code. The Court in deciding that the State could prosecute founded its decision on the fact that the Legislature clearly meant "effective date" and that the word "approval" was inadvertently used by the Legislature. In the case at hand there was no *"saving clause"* in Act No. 265.

In *State v. Lewis,* 33 S. E. 351 (not reported in S. C. reports) the Court held that the Circuit Court had no jurisdiction of a prosecution of one for committing an act after the Statute making it a crime had been repealed. See also *State v. Mansel,* 52 S. C. 468, 30 S. E. 481.

To hold that both laws were effective would be inconsistent and would require a determination as to under which section a Defendant or Defendants would be prosecuted. To attempt to distinguish between hard core pornography and other pornography is an attempt to draw a distinction where there is none. It is either pornographic or it is not and there can be no degrees of it drawn from the Statute.

Due to the nature of the crime alleged and in order to protect the rights of the State and society and the rights of

the individuals, I have listened most carefully to argument by the attorneys for the State and for the Defendants. After hearing able arguments for both the State and the Defendants and after a review of the authorities, I have concluded without the necessity of ruling on the constitutionality of Section 16-414 of the South Carolina Code of Laws, that Section 16-414, if effective, was repealed by the enactment of Act 265 of the South Carolina Acts and Joint Resolutions of May 12, 1965, said Act being broad in scope and enveloping all provisions of Section 16-414.

It is therefore ordered that the indictment against all the above captioned Defendants be quashed and that the arrest warrants concerning all the above captioned Defendants be vacated.

And it is so ordered.