24368

The STATE, Respondent v. Kathy RIDER, Appellant.

(466 S.E. (2d) 367)

Supreme Court

*Philip A. Middleton, O. Grady, Query,* and *Mark V. Evans,* Charleston, *for appellant.*

*T. Travis Medlock, Attorney General, Donald J. Zelenka, Chief Deputy Attorney General, Harold M. Coombs, Jr., Senior Assistant Attorney General,* and *Charles F. Reid, Staff Attorney,* Columbia; and *Solicitor David Price Schwacke,* N. Charleston, *for respondent.*

Heard Nov. 2, 1995.

Decided Jan. 22, 1996.

MOORE, Justice:

Appellant was convicted of stalking under S.C. Code Ann. § 16-3-1070 (Supp. 1994). While this appeal was pending, § 16-3-1070 was expressly repealed without a saving clause and a new stalking statute was enacted redefining this crime. *See* 1995 S.C. Act No. 94. A conviction must be vacated if the penal statute the defendant is charged with violating is repealed without a saving clause while the case is pending on appeal. *State v. Spencer*, 177 S.C. 346, 357-58, 181 S.E. 217 (1935).[1] Accordingly, appellant's conviction is

Vacated.

FINNEY, C.J., and TOAL, WALLER, and BURNETT, JJ., concur.

<hr />

[1] In the recent case of *State v. Varner*, 310 S.C. 264, 423 S.E. (2d) 133 (1992), this Court held an appellant is not entitled to the lesser sentence provided by amendment to a penal statute when the amendment becomes effective while the case is pending on appeal. *Varner* does not apply here. As noted in *Spencer, supra*, a statutory change in punishment is distinguishable from the repeal of a criminal law defining the crime itself.