526 S.E.2d 222

**George M. PIERCE, II, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 25043.**

Supreme Court of South Carolina.

Submitted Nov. 17, 1999.

Decided Jan. 10, 2000.

140

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Teresa A. Knox, all of Columbia, for petitioner.

Isaac M. Stone, III, and Morgan S. Templeton, both of Beaufort, for respondent.

WALLER, Justice:

George M. Pierce, II (respondent) entered a plea of nolo contendere to a charge of using his official position or office for financial gain, and was fined $700. Respondent did not appeal his conviction or sentence. A circuit judge granted post-conviction relief (PCR) to respondent after an evidentiary hearing. We granted petitioner's (the State's) petition for a writ of certiorari, and now reverse.[1]

---

1. Although respondent did not receive a prison sentence, he has standing to bring a PCR action because he alleged the conviction has affected his ability to get a job in law enforcement. *See Jackson v. State,* 331 S.C. 486, 489 S.E.2d 915 (1997) (concluding a person has standing to apply for PCR if he is in custody or if the results of his conviction still persist after release from custody); *Jones v. State,* 322 S.C. 101, 470 S.E.2d 110 (1996) (same).

## FACTS

Respondent, then a highway patrol trooper, stopped a motorist on October 25, 1991, for driving under the influence, third offense. He agreed to charge the motorist with DUI, first offense, in exchange for the motorist's 1965 pickup truck. Respondent took possession of the truck December 4, 1991. A grand jury indicted respondent January 23, 1992, for violating S.C.Code Ann. § 8-13-410 (1986). At the time respondent committed the alleged offense, Section 8-13-410 stated that "[n]o public official or public employee shall use his official position or office to obtain financial gain for himself."

The "Ethics, Government Accountability, and Campaign Reform Act of 1991" took effect January 1, 1992. Act No. 248, 1991 Acts 1578, 1652. The Act included a new provision that replaced Section 8-13-410: "No public official, public member, or public employee may *knowingly* use his official office, membership, or employment to obtain an economic interest for himself, a member of his immediate family, an individual with whom he is associated, or a business with which he is associated." Act. No. 248 § 3, 1991 Acts 1616 (codified at S.C.Code Ann. § 700(A) (Supp.1998)) (emphasis added). The new statute requires the State to prove a defendant "knowingly" committed a violation, while the former statute did not specify the required level of criminal intent, or *mens rea.*

Respondent entered a plea of nolo contendere March 2, 1992. The plea judge found that Section 8-13-410 had been repealed by the 1991 Ethics Act, but believed the statute still applied in respondent's case because respondent committed the offense in 1991 before the statute was repealed. Respondent's plea counsel agreed. Respondent, who faced a misdemeanor charge with a maximum sentence of $1,000 and ninety days in jail, was fined $700.

In his PCR application and at the hearing, respondent alleged his plea attorney was ineffective in failing to tell him that Section 8-13-410 had been repealed by the 1991 Ethics Act and that the State, under Section 8-13-700(A), would have to prove he "knowingly" committed the offense. Respondent also alleged his attorney was ineffective in not realizing that the repeal of Section 8-13-410 nullified any indictment based on that statute, thus depriving the circuit court of subject

matter jurisdiction to accept his plea. The PCR judge agreed with respondent's arguments and granted him relief.

## ISSUES

1. Did the PCR judge err in ruling that respondent's counsel provided ineffective assistance because the State would have to prove respondent "knowingly" committed the offense under the new statute?

2. Did the PCR judge err in ruling that counsel provided ineffective assistance because the repeal of Section 8–13–410 meant the plea judge lacked subject matter jurisdiction to accept respondent's plea?

## ·DISCUSSION

### 1. APPLICATION OF NEW STATUTE

The State argues the PCR judge erred in ruling that respondent's counsel provided ineffective assistance. The new statute does not apply in respondent's case and, if the case had gone to trial, the State would not have had to prove respondent "knowingly" committed the offense under the new statute, the State contends. We agree.

In order to establish a claim of ineffective assistance of counsel, a PCR applicant must prove counsel's performance was deficient and the deficient performance prejudiced the applicant's case. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). Where there has been a guilty plea, the applicant must prove counsel's representation fell below the standard of reasonableness and, but for counsel's unprofessional errors, there is a reasonable probability he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Alexander v. State*, 303 S.C. 539, 402 S.E.2d 484 (1991). Thus, an applicant must show both error and prejudice to win relief in a PCR proceeding. *Scott v. State*, 334 S.C. 248, 513 S.E.2d 100 (1999).

We will uphold the findings of the PCR judge when there is any evidence of probative value to support them.

*Cherry v. State, supra.* We will not uphold the findings when there is no probative evidence to support them. *Holland v. State,* 322 S.C. 111, 470 S.E.2d 378 (1996). Furthermore, we will reverse the PCR judge's decision when it is controlled by an error of law. *See Simpson v. State,* 317 S.C. 506, 455 S.E.2d 175 (1995) (reversing grant of PCR where judge, who erroneously believed guilty plea had to be acknowledged by defendant in writing, vacated plea because defendant had signed an incorrect plea).

Initially, we note this case presents the "flip side" of a typical ex post facto claim. The application of a new or amended criminal statute may prompt a defendant to allege a violation of the Ex Post Facto Clause,[2] arguing the court may not apply a statute enacted or amended after the date of an offense in his case. *E.g., State v. Collins,* 329 S.C. 23, 28 n. 4, 495 S.E.2d 202, 205 n. 4 (1998) (element of criminal offense that was altered by Court after the date of alleged offense was not applied in defendant's case because that would result in ex post facto or due process violation); *State v. Huiett,* 302 S.C. 169, 171, 394 S.E.2d 486, 487 (1990) (to fall within the ex post facto prohibition, a law must be retrospective so as to apply to events occurring before its enactment, and it must disadvantage the offender affected by it). Respondent presents the opposite allegation, contending the court must apply in his case a statute that took effect after he committed the alleged offense.

 The crucial question is whether the Legislature *repealed* or *amended* Section 8–13–410 by passing Section 8–13–700(A) as part of the 1991 Ethics Act.

The longstanding common law view is that a

continued prosecution necessarily depend[s] upon the continued life of the statute which the prosecution seeks to apply. In case a statute is repealed or rendered inoperative, no further proceedings can be had to enforce it in pending prosecutions unless competent authority has kept the statute alive for that purpose. . . . Prosecution for crimes is but an application or enforcement of the law, and

---

2. U.S. Const. art. I, § 9; S.C. Const. art I, § 4.

if the prosecution continues the law must continue to vivify it.

*United States v. Chambers,* 291 U.S. 217, 223–26, 54 S.Ct. 434, 435–36, 78 L.Ed. 763, 765–67 (1934).

South Carolina follows this common law rule. The parties have not cited and we have not found any statutory or constitutional provision containing a general saving clause for repealed criminal statutes.[3] *Cf.* 1 U.S.C.A. § 109 (1997) (general federal saving statute); Annot., 5 A.L.R.2d 1270 (1949) (discussing impact of other states' constitutional provisions affecting repeal or amendment of statutes).

▇▇▇ Thus, a criminal defendant may not be convicted under a repealed statute when the repealing act does not contain a saving clause. *See State v. Rider,* 320 S.C. 533, 466 S.E.2d 367 (1996) (vacating conviction where stalking statute was expressly repealed and new statute substituted in its place, and the repealing act did not contain a saving clause); *State v. Defee,* 246 S.C. 555, 144 S.E.2d 806 (1965) (upholding the dismissal of an indictment for violation of obscenity statute where new obscenity statute became effective after alleged violation but before trial; act containing new statute did not contain saving clause and was broad enough in scope to repeal previous statute); *State v. Spencer,* 177 S.C. 346, 355–56, 181 S.E. 217, 221 (1935) (vacating conviction where Prohibition Era laws under which defendant was convicted were expressly repealed by act legalizing the possession and sale of alcoholic beverages); *State v. Lewis,* 33 S.E. 351 (1899) (court does not have subject matter jurisdiction in prosecution of defendant when statute making the alleged offense a crime has been repealed); 22 C.J.S. *Criminal Law* § 29 (1989) (general rule is that repeal of a criminal statute without a saving clause ends prosecution and punishment); *see also Taylor v. Murphy,* 293 S.C. 316, 318–19, 360 S.E.2d 314, 316 (1987) (stating in tort

---

**3.** A saving clause is "a restriction in a repealing act, which is intended to save rights, pending proceedings, penalties, etc., from the annihilation which would result from an unrestricted appeal." *Black's Law Dictionary* 1343 (1990).

One statute does address the repeal of a repealing act. *See* S.C.Code Ann. § 2–7–20 (1986) (stating "[t]he repeal of an act or joint resolution shall not revive any law theretofore repealed or superseded, nor any office theretofore abolished").

case that "[t]he general rule is that the repeal of a statute operates retrospectively, and has the effect of blotting the statute out completely as if it had never existed and of putting an end to all proceedings under it which have not been prosecuted to final judgment"). The obvious rationale for the common law rule is that "the extinction of the statute is understood to be an indication that the sovereign power no longer desires the former crime to be punished or regarded as criminal." *State v. Spencer*, 177 S.C. at 357, 181 S.E. at 222.

 The Court has indicated, however, that a pending prosecution of a defendant may continue when a criminal statute is amended, but not repealed. "[A] statutory change in the punishment for a crime does not have the effect of impairing a prosecution pending at the time of the enactment of the statutory change, except to the extent of the punishment to be imposed." *State v. Gilliam*, 208 S.C. 126, 130, 37 S.E.2d 299, 301 (1946) (finding indictment for violation of former alcoholic beverage statutes was valid even though Legislature modified statutes during pending prosecution, and the repealing act contained a saving clause); *accord State v. Varner*, 310 S.C. 264, 265, 423 S.E.2d 133, 134 (1992) (correct penalty generally is the one in effect at the time of sentencing, although common law prohibits imposition of punishment that exceeds punishment provided for when offense was committed).[4]

 We already have decided that the legislative intent of the 1991 Ethics Act was to amend the former Ethics Act rather than to repeal it. *State v. Thrift*, 312 S.C. 282, 304–06, 440 S.E.2d 341, 354 (1994). We explained that the 1991 Act did not expressly repeal the antibribery statute at issue in *Thrift;* nor did the 1991 Act contain a saving clause addressed to the statute.[5] Similarly, the 1991 Act did not expressly repeal Section 8–13–410; nor does it contain a saving clause addressed to Section 8–13–410.

---

4. The Ex Post Facto Clause also prohibits the imposition of punishment exceeding the punishment provided for at the time a defendant committed an offense. *State v. Dabney, 301 S.C. 271, 391 S.E.2d 563 (1990).*

5. The provision at issue in *Thrift* was S.C.Code Ann. § 8–13–490 (1986), which has been replaced by S.C.Code Ann. § 8–13–705 (Supp.1998).

The Legislature did not decriminalize the offenses. "The 1991 Ethics Act reenacts in a different article a more comprehensive series of statutes which address in greater depth the conduct formerly violative of [the statute at issue]." *State v. Thrift,* 312 S.C. at 304, 440 S.E.2d at 353–54. We concluded, therefore, that the Legislature intended for the indictment and pending prosecution of defendants under provisions of the former Ethics Act to remain valid after the effective date of the 1991 Act.

We did not explicitly state in *Thrift* that the State would have to prove its case under the terms of the former statute, not the amended statute. The import of our holding, however, is that a prosecution for an offense occurring prior to the effective date of the 1991 Ethics Act should proceed under the former statute. The following commentary is instructive:

> [I]f there is no applicable saving provision, does the amendment impliedly repeal the old statute so as to prevent further prosecutions thereunder, under the common law rule ... that repeals operate to bar further prosecutions in the absence of saving provisions? Some cases have so held, but it seems clear that the legislature can hardly have intended by its amendment that the conduct in question should no longer be prosecuted (the rationale of the common law rule of repeal); so other states adopt the better view that the old statute is still available for prosecution of those who violated it before its amendment.

Lafave and Scott, *Criminal Law,* § 13 (1972); *see also* 22 C.J.S. *Criminal Law* § 28 (1989) (general rule is that statutory amendment, unless it is deemed an implied repeal, does not affect the prosecution of a crimes occurring before effective date of amendment; in such cases the original statute remains in force). Other courts similarly have upheld convictions obtained under a former statute when that statute is amended during a pending prosecution, although some have done so under the authority of a general saving clause contained in the statutes or state constitution.[6]

---

**6.** *State v. Lopez,* 197 Conn. 337, 497 A.2d 390, 399 (1985) (defendant who pleaded guilty after effective date of constitutional amendment requiring probable cause hearing, where defendant was indicted prior to that amendment, was not entitled to probable cause hearing); *State v. Hamilton,* 177 Ariz. 403, 868 P.2d 986, 989 (Ct.App.1993) (citing

We hold, as we did in *State v. Thrift, supra,* that the 1991 Ethics Act was an amendment of the former Ethics Act, and did not repeal it. Consequently, the indictment and pending prosecution of respondent under Section 8–13–410 (the former statute) for acts he allegedly committed prior to the 1991 Act remained valid after passage of the 1991 Act. If the case had gone to trial, the State would have had to prove its case under the terms of Section 8–13–410. Section 8–13–700(A) (the amended statute) and its *mens rea* requirement of "knowingly" were irrelevant to the prosecution of respondent, and respondent's counsel was not ineffective in failing to raise the issue at respondent's plea hearing.

We conclude the PCR judge erred because the record contains no probative evidence supporting the grant of relief to respondent. Respondent has shown neither error nor prejudice. Moreover, the judge's decision was controlled by an error of law, i.e., his belief that a pending prosecution could not continue under the former statute but had to proceed under the new statute. Accordingly, we reverse the judge's grant of relief to respondent.

## 2. SUBJECT MATTER JURISDICTION

The State argues the PCR judge erred in ruling that counsel provided ineffective assistance, contending the plea judge had subject matter jurisdiction to accept respondent's plea. We agree.

---

statute generally requiring defendant to be punished under the law in effect when offense was committed; thus, child molestation statute amended during pending prosecution to change an element of offense (age of victim) did not apply to defendant whose offenses occurred prior to that amendment, and defendant properly was convicted under former statute); *Saavedra v. State,* 576 So.2d 953, 962–63 (Fla.Dist.Ct. App.1991) (citing state constitutional provision to conclude that amended criminal statute does not apply to offenses committed prior to effective date of amendment; thus, sentencing guidelines amended during pending prosecution do not apply to offense committed prior to amendment); *State v. Smith,* 988 S.W.2d 71, 82 (Mo.Ct.App.1999) (citing general saving statute to conclude that crime committed before amendment of a penal law is unaffected by that amendment, although sentencing might be affected by change; thus, statute amended during pending appeal to increase requisite dollar amount of stolen goods did not apply to defendant who committed offense prior to amendment).

150

■ Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong. *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 442 S.E.2d 598 (1994). "Except for certain minor offenses, the circuit court does not have subject matter jurisdiction to hear a guilty plea unless (1) there has been an indictment which sufficiently states the offense; (2) there has been a waiver of indictment; or (3) the charge is a lesser included charge of the crime charged in the indictment." *Carter v. State*, 329 S.C. 355, 362, 495 S.E.2d 773, 777 (1998).

If the Legislature had repealed Section 8–13–410, an indictment brought under that section would not have given the court subject matter jurisdiction to accept respondent's plea. *State v. Lewis*, 33 S.E. 351. However, as explained in Issue 1, we determined in *State v. Thrift, supra*, that the 1991 Ethics Act amended—but did not repeal—provisions contained in the former Ethics Act.

We hold that the indictment and prosecution of respondent under Section 8–13–410 remained valid, and the circuit court had jurisdiction to accept the plea. The PCR judge's ruling was based on his erroneous conclusion that a pending prosecution could not continue under the former statute, Section 8–13–410, but had to proceed under the new statute, Section 8–13–700(A). Accordingly, we reverse the judge's decision to grant relief to respondent because it is not supported by probative evidence and also was controlled by an error of law.

## CONCLUSION

We reverse the grant of PCR to respondent and reinstate his conviction and sentence.

REVERSED.

FINNEY, C.J., TOAL, MOORE and BURNETT, JJ., concur.