**John Timothy SMITH, # 233610**
**Petitioner,**

v.

**Warden A.J. PADULA; Attorney General of the State of South Carolina, Respondents.**

**No. 2:05–2964–PMD–RSC.**

United States District Court,
D. South Carolina.

May 11, 2006.

---

John Timothy Smith, Bishopville, SC, Pro se.

Donald John Zelenka, SC Attorney General's Office, Columbia, SC, for Respondents.

## ORDER

DUFFY, District Judge.

This matter is before the court upon the Magistrate Judge's recommendation that summary judgment be entered in favor of Respondents. The record includes a Report and Recommendation of a United States Magistrate Judge ("R & R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A petitioner may object, in writing, to an R & R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Petitioner John Timothy Smith ("Smith") timely filed objections to the R & R.

## BACKGROUND

Petitioner Smith was indicted for murder in April of 1996 by the Greenville County Grand Jury (1996–GS–23–2927). On May 21, 1996, Smith proceeded to a jury trial before the Honorable Paul M. Burch, at the conclusion of which the jury found Smith guilty of murder. Judge Burch sentenced Smith to imprisonment for the remainder of his natural life.

Petitioner Smith appealed his conviction and sentence with the help of an attorney. Petitioner's attorney filed a brief raising as the sole issue: "whether the court erred when it admitted into evidence state's exhibit 57, a picture of the victim's skull and reflected scalp from the autopsy where the probative value of this photo was substantially outweighed by prejudice to the defendant?" (App. II at 247.) After a review pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the South Carolina Supreme Court affirmed Smith's conviction and sentence. State v. Smith, Op. No. 99–MO–035 (March 30, 1999); (App. II at 286.) The Supreme Court denied a petition for rehearing on May 13, 1999, and the remittitur was entered on May 13, 1999.

Thereafter, on June 17, 1999, Petitioner Smith filed an application for post-conviction relief. William C. McMaster, III, represented Petitioner at a hearing on August 27, 2002, before the Honorable John W. Kittredge. Judge Kittredge initially dismissed Smith's case due to Smith's assaultive conduct. However, on November 1, 2002, the court entered an Order granting Petitioner a new trial, finding Petitioner's trial counsel's representation constitutionally ineffective due to his failure to object to the trial judge's denial of a jury charge on involuntary manslaughter. (App. II at 327–30.) The state filed a motion to alter or amend on November 1, 2002, which the court denied on January 15, 2003. (App. II at 335.)

On October 22, 2003, the state filed for a Writ of Certiorari, positing the following questions: (1) "Did the lower court err in finding that the Respondent was entitled to an involuntary manslaughter charge?"; and (2) "Did the lower court err in finding that trial counsel was ineffective for failing to preserve for appeal the trial court's denial of an involuntary manslaughter charge?" On November 5, 2004, the Supreme Court granted certiorari, and the parties subsequently filed their briefs. The Supreme Court reversed the grant of post-conviction relief in a summary *per curiam* Order on June 20, 2005. *See Smith v. State of South Carolina*, Memo. Op. No.2005–MO–031 (June 20, 2005).

On October 28, 2005, Petitioner Smith filed the present *pro se* [1] petition pursuant to 28 U.S.C. § 2254, raising the following grounds for relief:

I. Trial counsel was ineffective in not preserving for direct appeal the trial court's denial of an involuntary manslaughter charge.

A. Jury charge of involuntary manslaughter was requested. The judge denied the request. Counsel failed to object to preserve the issue for appeal.

II. Sentence imposed is disproportionate to offense.

A. There was no evidence shown by the prosecutor that Applicant intentionally caused the death of the victim.

III. Malicious prosecution.

A. The prosecutor did not try the case in a professional manner.

B. The prosecutor allowed personal prejudice to become his motive.

C. The prosecutor ignored evidence which pointed to a possible third party being involved.

D. The prosecutor built his case around theory and conjecture.

(Smith's § 2255 petition at 2–9.)

On January 19, 2006, Respondents filed a motion for summary judgment, asserting that Smith's first ground has been fully exhausted and that Smith's second and third grounds have been abandoned. On February 14, 2006, Petitioner filed a cross-motion for summary judgment and a memorandum in opposition to Respondents' motion. A Magistrate Judge filed an R & R on March 14, 2006, recommending that this court grant Respondents' motion for summary judgment.

### STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the R & R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained

---

**1.** Petitioner proceeds *pro se* in this matter, and therefore, his pleadings are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

in that R & R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R & R, and Petitioner's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R & R in whole and incorporates it by specific reference into this Order.

## DISCUSSION

In the R & R, the Magistrate Judge concluded that the court should deny ground one of Smith's § 2254 petition on the merits and that the court cannot reach grounds two and three because they were procedurally abandoned at the post-conviction relief level.

## I. Ground One: Trial counsel was ineffective in not preserving for direct appeal the trial court's denial of an involuntary manslaughter charge.

■ In *Smith v. State of South Carolina*, Memo. Op. No.2005–MO–031 (June 20, 2005), the Supreme Court reversed the circuit court's grant of post-conviction relief, pursuant to SCACR 220(b)(1) and the following authorities: *State v. Cabrera–Pena*, 361 S.C. 372, 605 S.E.2d 522 (2004) (finding that defendant is not entitled to a charge on involuntary manslaughter where no evidence exists to support the charge); *State v. Atkins*, 293 S.C. 294, 299, 360 S.E.2d 302, 305 (1987), *overruled on other grounds in State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991) (stating that lesser included offense instruction is required only when the evidence warrants such an instruction); and *Pierce v. State*, 338 S.C. 139, 144, 526 S.E.2d 222, 225 (2000) (stating that the court will reverse if no probative evidence exists to support the findings of the PCR judge). *See Smith v. State of South Carolina*, Memo. Op. No.2005–MO–031 (June 20, 2005). Essentially, the Supreme Court concluded that no evidence existed to support a charge of involuntary manslaughter, and therefore, Petitioner was not entitled to such a charge. Accordingly, Petitioner's trial counsel was not ineffective for failing to preserve for appeal the trial court's denial of an involuntary manslaughter charge. In addition, the jury convicted Petitioner of murder rather than voluntary manslaughter, which the judge did charge to the jury, so Petitioner cannot claim that his counsel's failure to preserve for appeal the trial court's denial of the involuntary manslaughter charge actually prejudiced him.

Pursuant to *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687–98, 104 S.Ct. 2052. Here, Petitioner cannot satisfy either prong in *Strickland*, and therefore, Petitioner is not entitled to habeas corpus relief with respect to this issue.

## II. Grounds Two and Three: Sentence imposed is disproportionate to offense; Malicious Prosecution.

■ Petitioner raised both Grounds Two and Three in his state post-conviction relief application. (App. II at 288–89.) However, Petitioner proceeded only on Ground One, namely, that counsel was ineffective for failing to preserve for appeal the trial court's denial of a charge on involuntary manslaughter. (App. II at 301–26.) In South Carolina, Petitioner's failure to pursue the remaining claims at the PCR hearing constitutes abandonment of the claims, and the claims are thereafter procedurally barred. *See Plyler v. State*, 309 S.C. 408, 424 S.E.2d 477 (1992) (finding an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court procedurally barred); S.C.Code Ann.

§ 17–27–80. Accordingly, as the R & R concluded, this court is procedurally barred from considering grounds two and three of Smith's § 2254 petition.

### III. Petitioner's Objections

Pursuant to 28 U.S.C. § 636, a party may object within ten days after being served with a copy of the R & R. Any written objection must specifically identify the portions of the R & R to which objections are made and the basis for those objections. In the present case, Petitioner's objections merely rehash arguments previously made and rejected, and nowhere does Petitioner specifically object to any portion(s) of the R & R. On the whole, therefore, Petitioner's objections are without merit and warrant no further consideration by the court. *See, e.g., Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan,* 806 F.Supp. 380, 382 (W.D.N.Y.1992) ("It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.").

### CONCLUSION

It is therefore, **ORDERED**, for the foregoing reasons, that Respondent's motion for summary judgment is **GRANTED**, and Petitioner Smith's motion for summary judgment is **DENIED**.

**AND IT IS SO ORDERED.**

### *REPORT AND RECOMMENDATION*

CARR, United States Magistrate Judge.

This habeas corpus petition under 28 U.S.C. § 2254 filed October 28, 2005, by a state prisoner proceeding *pro se* and *in forma pauperis* is before the undersigned United States Magistrate Judge for a report and recommendation on the parties' cross-motions for summary judgment. 28 U.S.C. § 636(b).

### *PROCEDURAL HISTORY*

The petitioner, John Timothy Smith, was indicted for murder in April 1996 by the Greenville County Grand Jury (1996–GS–23–2927). On May 21, 1996, the petitioner, represented by Hal Roach, Esquire, proceeded to a jury trial before the Honorable Paul M. Burch, at the conclusion of which the petitioner was convicted of murder. Judge Burch sentenced the petitioner to imprisonment for the remainder of his natural life.

A timely notice of intent to appeal was filed on the Petitioner's behalf and an appeal was perfected by Joseph L. Savitz, III, Esquire. Counsel for the Petitioner filed an Anders brief raising as the sole arguable issue: "whether the court erred when it admitted into evidence state's exhibit 57, a picture of the victim's skull and reflected scalp from the autopsy where the probative value of this photo was substantially outweighed by prejudice to the defendant?" App. II, p. 247. After a review pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the South Carolina Supreme Court affirmed the petitioner's conviction and sentence. *State v. Smith,* Op. No. 99–MO–035 (S.C. Sup.Ct. filed March 30, 1999). App., Vol. II, p. 286. A petition for rehearing was denied on May 13, 1999. The remittitur was entered on May 13, 1999.

The petitioner filed a post-conviction relief application on June 17, 1999. William C. McMaster, III, represented the petitioner at an evidentiary hearing on August 27, 2002, before the Honorable John W. Kittredge. Judge Kittredge initially dismissed the petitioner's case due to the petitioner's assaultive conduct. However, the court entered an Order dated November 1, 2002, granting the petitioner a new

trial, finding that trial counsel Roach's representation was constitutionally ineffective. App. II, p. 327–330. The state filed a motion to alter or amend on November 1, 2002, and the state PCR court entered an Order denying the motion on January 15, 2003. App. II, p. 335.

The state filed a Petition for a Writ of Certiorari on October 22, 2003, in which it posited the following questions:

1. Did the lower court err in finding that the Respondent was entitled to an involuntary manslaughter jury charge?

2. Did the lower court err in finding that trial counsel was ineffective for failing to preserve for appeal the trial court's denial of an involuntary manslaughter jury charge?

The petitioner filed a Return to the Petition for a Writ of Certiorari on March 9, 2004. The Supreme Court of South Carolina granted the a Petition for a Writ of Certiorari by Order dated November 5, 2004, and the parties' briefs were subsequently filed. On June 20, 2005, the South Carolina Supreme Court reversed the grant of PCR relief in a summary *per curiam* order. *Smith v. State of South Carolina*, Memo. Op. No.2005–MO–031 (June 20, 2005).

The petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C § 2254 on October 28, 2005, and raised the following grounds for relief:

I. Trial Counsel was ineffective in not preserving for direct appeal the trial court's denial of an involuntary manslaughter jury charge.

A. Jury charge of involuntary manslaughter was requested. The judge denied the request. Counsel failed to object to preserve the issue for appeal.

II. Sentence imposed is disproportionate to offense.

A. There was no evidence shown by the prosecutor that Applicant intentionally caused the death of the victim.

III. Malicious Prosecution.

A. The prosecutor did not try the case in a professional manner.

B. The prosecutor allowed personal prejudice to become his motive.

C. The prosecutor ignored evidence which pointed to a possible third party being involved.

D. The prosecutor built his case around theory and conjecture.

The following materials have been made part of the record here:

1. Smith v. State, South Carolina Supreme Court—Petition for Writ of Certiorari by South Carolina.

2. Appendix Volume I, pages 1–249.

3. Appendix Volume II, pages 1–345.

4. Supplemental Appendix.

5. Brief of Petitioner State of South Carolina.

6. Brief of Respondent John T. Smith.

7. *Smith v. State of South Carolina*, Memo. Op. No.2005–MO–031 (June 20, 2005).

The petitioner was provided a copy of the respondent's summary judgment motion on January 19, 2006, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975). The petitioner filed a response to respondents' motion and filed a motion for summary judgment on February 14, 2006. Hence it appears consideration of the motions is appropriate.

## HABEAS CORPUS STANDARD OF REVIEW

The present habeas corpus petition has a filing date of December 19, 2005. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

1.  resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or

2.  resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

The first requirement has been explained by the United States Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (plurality opinion). Writing for a plurality of the Court, Justice O'Connor held that,

> ... § 2254(d)(1) places a new constraint on the power of a federal habeas corpus court to grant a state habeas petitioner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1) the writ may issue only if one of the following two conditions is satisfied—the state-court adjudication resulted in a decision that (1) 'was contrary to ... clearly established federal law as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of ... clearly established Federal law as determined by the Supreme Court of the United States.'

*Id.* at 1523 (O'Connor, J., concurring in judgment).

With respect to the "unreasonable application" clause, Justice O'Connor further explained that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 1522.

In sum, the AEDPA amendments exalt the role that a state court's decision plays in a habeas decision by specifically directing the federal court to make the state court decision the starting point of federal review; only if that decision deviates from the paradigm recited in § 2254(d) can a habeas court grant relief.

## EXHAUSTION AND PROCEDURAL BYPASS

Additionally, federal habeas relief is available only to a person held in custody in violation of the Constitution or laws or treaties of the United States who has exhausted his state remedies. The statute provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, to satisfy the statutory requirements, a petitioner first must exhaust his claims by presenting them to the highest state court with jurisdiction to decide them

before seeking relief through the federal writ of habeas corpus. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.1997). Indeed, a claim is unexhausted unless the substance of a petitioner's claims are "fairly presented" to the state courts. The *Matthews* court explained,

> The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not suffice. In other words, fair presentation contemplates that both operative facts and the controlling legal principles must be presented to the state court.

*Id.*

If, however, a habeas petitioner has not presented certain issues to the state's highest court, the claim "nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if petitioner attempted to raise it at this juncture." *George v. Angelone*, 100 F.3d 353, 363 (4th Cir.1996). However, since the petitioner has no further way to exhaust his unexhausted claims, he is not required to attempt to do so; his claims are deemed technically exhausted for habeas purposes. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir.1997).

Although the claims here are technically exhausted, they are nonetheless unreviewable on the merits because an adequate and independent state law ground, state procedural bypass, is sufficient to uphold the petitioner's convictions. Where a petitioner fails to comply with a state procedural rule, and that failure provides an adequate and independent ground for the state's denial of relief, federal review will also be barred if the state court has expressly relied on the procedural default. *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Coleman v. Thompson*, 501 U.S. 722, 735, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Additionally

if a petitioner fails to present a ground for decision, so the state court has nothing upon which to rule, that is a default barring review on the merits here as well. *Coleman*, 501 U.S. at 735, 111 S.Ct. 2546; *Teague v. Lane*, 489 U.S. 288 at 299, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). In other words, where the state court has not had the opportunity to apply its own procedural bar the federal court will nevertheless bar the claim where application of the bar is clear. *Teague*, 489 U.S. at 297–98, 109 S.Ct. 1060; *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir.1990).

Nonetheless, a petitioner may overcome the default by showing cause for the default and prejudice therefrom, or actual innocence. *See, e.g., Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

### DISCUSSION

A review of the record and relevant case law reveals that Ground I should be denied on the merits and that Grounds II and III may not be reached on the merits in federal habeas corpus because they were procedurally defaulted when abandoned at the PCR level.

Ground I is: "Trial Counsel was ineffective in not preserving for direct appeal the trial court's denial of an involuntary manslaughter jury charge." The South Carolina Supreme Court denied that claim thus:

> Per Curium: We granted a writ of certiorari to review the circuit court's grant of post-conviction relief to respondent, John T. Smith. We now reverse pursuant to Rule 220(b)(1), SCACR and the following authorities: *State v. Cabrera–Pena*, 361 S.C. 372, 605 S.E.2d 522 (2004) (where no evidence exists to support charge on lesser-included offense of involuntary manslaughter, defendant is not entitled to the charge); *State v.*

*Atkins,* 293 S.C. 294, 299, 360 S.E.2d 302, 305 (1987), overruled on other grounds, *State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991) (lesser included offense instruction is required only when the evidence warrants such an instruction); *Pierce v. State,* 338 S.C. 139, 144, 526 S.E.2d 222, 225 (2000) (if no probative evidence exists to support the findings of the PCR judge, this Court will reverse).

REVERSED.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

It cannot be said that the decision that counsel was not ineffective for not objecting to the trial court's refusal to charge the jury with involuntary manslaughter was contrary to clearly established federal law as determined by the Supreme Court of the United States, or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States.

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court announced a two-prong test to determine if counsel's assistance was ineffective: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 104 S.Ct. at 2064. This performance is to be judged by an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 2064; accord, e.g., *Bell v. Cone,* 535 U.S. 685, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002).

Second, the defendant must show prejudice from counsel's performance. *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. at 2064. The "question is whether there is a reasonable probability that, ab-sent the errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.* at 695, 104 S.Ct. at 2068–69. Put another way, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068; see also, e.g., *Bell v. Cone,* 122 S.Ct. at 1850.

Here, the South Carolina Supreme Court rejected the PCR judge's finding of ineffective assistance of counsel by holding that counsel was not ineffective because the petitioner was not entitled to the lesser included charge on involuntary manslaughter. The court found that there existed no evidence that the petitioner could be guilty of only involuntary manslaughter, as required under state case law to so charge. Further, the jury convicted the petitioner of murder rather than voluntary manslaughter, which the judge did charge, so that it cannot be said that counsel's performance undermined confidence in the outcome of the trial. In short, trial counsel cannot be ineffective for failing to make a meritless futile objection. Neither *Strickland* prong was satisfied, and no habeas relief should issue.

Next, although the petitioner raised Grounds II and III in his pleadings before the PCR court, he elected to proceed on the single issue raised here in Ground I. In South Carolina, that failure to pursue claims at the PCR hearing constitutes abandonment of the claims and the claims are thereafter procedurally barred from appellate review. See, *Plyler v. State,* 309 S.C. 408, 424 S.E.2d 477 (1992); S.C.Code Ann. § 17–27–80. Further, Petitioner has failed to overcome the default by showing cause for the default and prejudice therefrom, or actual innocence. *See, e.g., Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). The court should

not review these two grounds on their merits.

### CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the respondents' motion be granted, that the petitioner's motion be denied, and that this petition be dismissed.

March 14, 2006.