THIS OPINION HAS
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Elijah Hannah, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

ORIGINAL JURISDICTION

Appeal From Florence County
James E. Brogdon, Jr., Trial Judge
B. Hicks Harwell, Jr., Post-Conviction
Relief Judge

Memorandum Opinion No.  2009-MO-007
 Submitted December 4, 2008  February 9,
2009  

AFFIRMED

 
 
 
 Reynolds
 H. Blankenship, Jr., of Columbia, for Petitioner.
 Assistant
 Attorney General Molly R. Crum, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Because of the unusual procedural history
 of the underlying criminal matter and this post-conviction relief matter, we
 granted certiorari in our original jurisdiction.[1]  We are presented with both direct appeal and post-conviction relief (PCR) issues. 
 We dismiss the direct appeal and affirm the PCR judges finding based on our
 standard of review.
As to the direct
 appeal issues, counsel for petitioner filed a brief pursuant to Anders v.
 California, 386 U.S. 738 (1967) and a petition to be relieved as counsel. 
 Petitioner has not filed a pro se response.  After a thorough review of
 the record pursuant to Anders, we dismiss the direct appeal and grant
 the petition to be relieved as counsel.
Regarding
 the sole PCR issue presented related to the service of notice of the States
 intent to seek a sentence of life without parole, we hold there is evidence in
 the record to support the PCR courts holding that Petitioner received proper
 notice.  We affirm pursuant to Rule 220, SCACR and the following authorities:  Pierce
 v. State, 338 S.C. 139, 144-45, 526 S.E.2d 222, 225 (2000) ([An appellate
 court] will uphold the findings of the PCR judge when there is any evidence of
 probative value to support them.); Cherry v. State, 300 S.C. 115, 119,
 386 S.E.2d 624, 626 (1989) (The appropriate scope of review of this Court is
 that any evidence of probative value is sufficient to uphold the PCR judges
 findings.).
Accordingly, in our
 original jurisdiction, counsel is relieved and the belated direct appeal is dismissed. 
 We further affirm the denial of post-conviction relief.
AFFIRMED.
TOAL,
 C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.

[1] Petitioner was convicted and sentenced to life without parole for the
 offense of armed robbery, which was his second most serious offense under section
 17-25-45 of the South Carolina Code (2003).  A direct appeal was not pursued. 
 Trial counsels failure to file a direct appeal led to Petitioner seeking a
 belated direct review pursuant to White v. State, 263 S.C. 110, 208
 S.E.2d 35 (1974) in this post-conviction relief action.  PCR counsel then
 failed to file a timely notice of appeal from the denial of post-conviction
 relief.  When the untimely appeal was presented to this Court, we accepted the
 matter in our original jurisdiction by granting a writ of certiorari rather
 than delaying the matter further by requiring Petitioner to file a second PCR
 action and seek belated review under Austin v. State, 305 S.C. 453, 409
 S.E.2d 395 (1991).