THIS OPINION HAS
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Ralph L.
 Williams, Respondent,
 v.
 State of South Carolina, Petitioner.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Richland County
 Thomas W. Cooper, Jr., Circuit Court
 Judge
Memorandum Opinion No. 2009-MO-022
Submitted March 18, 2009  Filed May 12,
 2009    
REVERSED

 
 
 
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant
 Deputy Attorney General Salley Elliott, Assistant Attorney General Brian T.
 Petrano, of Columbia, for Petitioner.
 Diana L.
 Holt, of Columbia, for Respondent.  
 
 
 

PER CURIAM:  Respondent Ralph L. Williams was sentenced
 to life without parole pursuant to S.C. Code Ann. § 17-25-45 (2003).  After an unsuccessful direct appeal, Williams
 filed an application for post-conviction relief (PCR); after a hearing, the
 application was granted.  We granted the States petition to review the grant
 of PCR, and now reverse.   
1.  The PCR
 court found that Williams trial counsel provided ineffective assistance of
 counsel with respect to the handling of a pretrial Neil v. Biggers[1]  hearing.  There is no evidence to
 support the PCR courts decision.  Trial counsel vigorously challenged the
 admissibility of the photographic lineup and in-court identification of
 Williams.  Simply because the trial court found the evidence admissible does
 not render counsels representation ineffective.  We reverse pursuant to Rule
 220(b)(1), SCACR.  See also Pierce v. State, 338 S.C. 139, 144-45, 526
 S.E.2d 222, 224-25 (2000) (setting forth the analytical framework for
 establishing ineffective assistance of counsel and noting that when no
 probative evidence supports the PCR courts ruling it will not be upheld). 
2.  The PCR
 court found that Williams trial counsel provided ineffective assistance of
 counsel by failing to investigate the triggering offense which qualified Williams
 for a life without parole sentence, as the investigation would have shown that
 Williams was previously represented by the trial judge (then a public defender)
 that sentenced him to life without parole.  The PCR court found that the
 representation created a conflict of interest for the trial judge who sentenced
 Williams to life without parole.  We concur with the PCR court that the record does
 appear to reflect that the trial judge was involved, at least initially, in
 representing Williams many years earlier.[2] 
 The record, however, reveals not a hint of any prejudice as a result of the
 prior representation, for the record demonstrates that the experienced trial
 judge presided fairly and with impartiality.  There is no evidence to support
 the contrary finding of the PCR court.  We reverse pursuant to Rule 220(b)(1),
 SCACR.  
3.  The PCR
 court found that Williams trial counsel provided ineffective assistance of
 counsel by moving the trial court to reconsider Williams life without parole
 sentence, when such motion provided the State an opportunity to conclusively
 prove that Williams criminal record did require a sentence of life without
 parole pursuant section 17-25-45.  The PCR courts premise that, but for the
 resentencing hearing, the State would not have had an opportunity to prove the
 existence of Williams triggering offense, as a matter of law, was incorrect.  The
 trial court had made the finding at sentencing that Williams prior record
 required a life without parole sentence.  It was precisely because of trial
 counsels laudable diligence that the trial court invited Williams to challenge
 the prior conviction in a post trial motion.  We reverse pursuant to Rule
 220(b)(1), SCACR.  See also S.C. Code Ann. § 17-25-45 (2003) ([U]pon a conviction for a most serious offense
 as defined by this section, a person must be sentenced to a term of
 imprisonment for life without the possibility of parole if that person has one
 or more prior convictions . . . .).
REVERSED.
TOAL,
 C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.

[1]  409 U.S. 188 (1972).
[2]  From the record we can glean that the trial judgethen public
 defenderwas initially assigned to represent Williams on an armed robbery
 charge.  However, a colloquy between Williams and the trial judge that occurred
 just after the jury returned its verdict reflects that Williams had been
 represented by another public defender, concerning his earlier charge.