Curia, per O’Neall, J.
The ground of appeal is based altogether upon the cases of the King vs. Smith, 12 Eng. C. L. R. 295, and the King vs. Westwood, 19 Eng. C. L. R. 520. Both of these decisions were at nisi prius. In the first, Baron Vaughan held that a bank note, the subject of another prosecution, could not, on an indictment for forgery, in uttering and publishing another forged bank note, be given in evidence to shew the guilty knowledge. Why such a distinction should be made, I am at a loss to perceive. Previous to that case the rule had been uniform that, to shew the knowledge that the note was false, it was permitted to prove that the prisoner had passed or had in his possession other false notes. If he had passed them away, the crime was just as complete as if he were indie- *421 ted, and if the proof could affect him by establishing his guilt in the other matters for which he was not indicted, it was just as objectionable as if he had been indicted. But the reason that the proof is generally admissible is, because it shews the prisoner’s scienter in the case before the court, but does not at all affect the question of his guilt in the cases which might afterwards arise; for the conviction or acquittal, in the case in hand, could not be given in evidence for or against him in any other case for another forgery. The case of the King vs. Westwood does not touch the case before us. That was an indictment for poaching. One of the game keepers, on the occasion of the poaching, had lost his coat. To shew the prisoner’s identity, it was proposed to prove that the coat was found in his possession ; it appeared that he was indicted for larceny in this matter, and the evidence was excluded. This, it will be observed, was undertaking to prove one criminal offence by another; and it is possible, in a case where there never had been established a rule by which such proof was generally admissible, it was properly excluded. But in Russ, on Cr. 1514, it is stated that where three burglaries were committed, and so intermixed that to ascertain the truth in one it was necessary to examine them all, the proof was heard of the circumstances attending the perpetration of all three. Under this rule, I am free to confess that I think the proof was admissible in the King vs. Westwood. Those cases, however respectable, are not binding on us as authority, and if we had no case on the subject, and nothing to guide us save the general rule in cases of forgery, we should be free to reject them. But when we have a case decided in the court of appeals, touching the very point, and ruling it differently, we are at once relieved from all difficulty. In the State vs. Houston, 1 Bail. 300, the prisoner had been indicted for uttering a forged note, and acquited ; in the case before the court he was indicted for uttering another; it was proposed to shew the uttering and the falsehood of the former note; it was admitted, and the court of appeals held rightly.
In that case, Judge Colcock stated the law, as I think, *422 correctly. He said, “it is true, as a general rule, that when a man is on his trial for one offence, it is not competent to prove that he has committed other distinct and substantive offences. But in such cases as the present, it is competent, in order to prove the scienter, to shew that the prisoner has passed other counterfeit notes of a similar character, and that he has such in his possession ; for although these may be the foundations of other prosecutions, yet they afford evidence, and sometimes very strong evidence, of the knowledge of the falsity of the paper on which the indictment is founded.”
This is all which may be said as to the case made on the circuit. But since the conviction the Legislature abolished the punishment of death in cases of forgery, and in lieu of it have substituted whipping, imprisonment and ñne. (a) The prisoner’s counsel has presented this for our determination, and it having been argued by him and the Attorney General, it is as well to give the judgment upon it now, as to wait until the objection could be more regularly and formally presented to the sentence. The Act of the last session is before me, and it provides that, in all the cases of forgeries made punishable by statute with death, the said punishment be abolished, “ and in lieu thereof, the person convicted shall be sentenced to be whipped thirty nine lashes, and to be imprisoned not less-than one year nor more than seven years, and also to pay such fine as may be judged expedient, at the discretion of the Judge who may try the case.” It is plain, on reading this Act, that judgment of death cannot be pronounced, for that punishment is abolished, and hence, when the prisoner is put to the bar to receive sentence, he cannot be sentenced to be hanged; that has ceased to be the judgment of the law. But the Legislature have not repealed the statute declaring the uttering and publishing as true of a forged note to be a felony ; the offence still remains ; of it the prisoner stands convicted, and when put to the bar for sentence must receive the judgment of the law. What is that? The Act says the punishment of death is abolished, but in lieu *423 thereof, the person convicted shall he sentenced to be whipped, imprisoned and fined. It seems to me too plain to admit of argument that the prisoner (“ the person convicted'’) must receive judgment according to the Act. But an exactly analogous case will be found in the 2 English Crown Cases, 373, the King vs. Mary Lewis and others. The prisoners had been convicted under the 7 and 8 Geo. 4, c. 29, which subjected them to the punishment of death. Before they were called up for sentence, the statute 2 and 3 W. 4, c. 62, abolishing the punishment of death, was passed, and it repealed so much of the Act as inflicted the punishment ot death, and declared that “ every person convicted of any of the felonies herein before specified, shall be transported beyond seas for life.” The Recorder reserved the cases, and submitted the question to the Judges, expressing his opinion that the sentence under the 2 and 3 W. 4, c. 62, could not be passed. All the Judges (except Lyndhurst, C. B., Littledale, J. and Vaughan, B.) met and considered the case, and held that, the word being “ convicted,” not “who shall be convicted,” transportation for life was the sentence.
That case, as well as the plain reading of our Act, satisfies me that the proper sentence to be pronounced on the prisoner is the punishment prescribed by the Act of the 15th December, 1845, to abolish the punishment of death in cases of forgery and counterfeiting; and that being the opinion of this court, judgment will be awarded accordingly. The motion is dismissed.
RichaRdson, Evans, Butlee, Wardlaw and Frost, JJ. concurred.

 Act 1845, 11 Stat. 341.