23733

The STATE, Respondent v. Melvin John VARNER, III, Appellant.
(423 S.E. (2d) 133)

Supreme Court

*Chief Atty. Daniel T. Stacey,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellants.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Rakale Buchanan Smith,* Columbia, and *Sol. Ralph J. Wilson,* of the *Fifteenth Judicial Circuit, for respondent.*

Heard Sept. 22, 1992; Decided Nov. 9, 1992.

Reh. Den. Dec. 8, 1992.

HARWELL, Chief Justice:

Melvin Varner (Varner) appeals his life sentence for kidnapping, claiming that he should be resentenced under an amended kidnapping statute enacted while his appeal was pending. We affirm his sentence as imposed prior to the amendment.

## I. FACTS

On February 6, 1991, Varner was convicted of kidnapping and sentenced to life imprisonment as required by prior S.C. Code Ann. § 16-3-910 (1985). Varner appealed. While Varner's appeal was pending, the legislature amended section 16-3-910 to reduce the maximum penalty for kidnapping from life to thirty years imprisonment.[1] We directed the parties to brief the issue of whether the repeal of the mandatory life sentence during Varner's appeal requires resentencing.

## II. DISCUSSION

Varner contends that he is entitled to resentencing because the legislature reduced the punishment applicable to his crime before his appeal was adjudicated. We disagree.

In the absence of a controlling statute, the common law requires that a convicted criminal receive the punishment in effect at the time he is sentenced, unless it is greater that the punishment provided for when the offense was committed. *State v. Addington*, 18 S.C.L. (2 Bail.) 516, 518 (1831); *see also State v. Cooler*, 30 S.C. 105, 8 S.E. 692 (1989) (trial judge erred by not imposing the punishment in effect at time of sentencing). The correct penalty is the one in effect at the time of sentencing, even if the penalty is repealed while appeal is pending. *State v. Hamblin*, 4 S.C. (4 Rich.) 1, 3 (1872). Thus, a criminal defendant receives the benefit of punishment mitigated by legislative amendment only when the amendment becomes effective before sentence is pronounced. See Addington, 18 S.C.L. (2 Bail.) at 518.

Varner argues that under *State v. Williams*, 31 S.C.L. (2 Rich.) 418 (1846), courts must administer any lesser punishment that becomes effective before an appeal is final. How-

---

[1] Act No. 117, 1991 S.C. Acts 416 (codified at S.C. Code Ann. § 16-3-910 (Supp. 1991)). The statute contains an exception related to offenders sentenced for murder under § 16-3-20 that is not applicable to this appeal.

ever, *Williams* must be read in the context of 1846 appellate practice, under which a conviction was appealed prior to sentencing. Then, if there was no reversible error, sentence was pronounced by the appellate court. *See State v. Sutcliffe*, 35 S.C.L. (4 Strob.) 372, 393-395 (1850); *State v. McCarty*, 1 S.C.L. (1 Bay) 334 (1793); *State v. Washington*, 1 S.C.L. (1 Bay) 120, 157-158 (1791).[2]

In accordance with this practice, the defendant in *Williams* appealed his forgery conviction, which at that time carried a sentence of death. While his appeal was pending, the legislature passed an act abolishing the death penalty for forgery, and enacted new punishment for that offense. Thus, the defendant in *Williams* was able to claim the benefit of the new law because it was in effect at the time he was sentenced by the appellate court. *Williams*, therefore, is consistent with the common law rule that courts must impose the penalty in effect at the time of sentencing.

In this case, Varner was sentenced before amended section 16-3-910 became effective and there is no language in the act which would require its retroactive application to him. *See Hercules, Inc. v. S.C. Tax Comm'n*, 274 S.C. 137, 262 S.E. (2d) 45 (1980) (prospective application is presumed absent a specific provision or clear legislative intent to the contrary). Therefore, because former section 16-3-910 was in effect when Varner was sentenced, the proper punishment is the one required by that section. Accordingly, we conclude that Varner is not entitled to resentencing under amended section 16-3-910.

Affirmed.[3]

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.

---

[2] That practice apparently continued until the passage of Act No. 9, 1868 S.C. Acts 12, which limited appeals to final judgments. Thereafter, judgment in a criminal case was not final and could not be appealed unless sentence had been imposed. *See, e.g., State v. McKettrick*, 13 S.C. 439 (1880).

[3] January 1, 1993 if approved by the Governor. The proposed statutory amendments contain no language which indicates that the legislature intended the new penalties to apply only to crimes committed after the act's effective date. Therefore, all sentences pronounced on or after the effective date of the act must comply with the guidelines, except where a penalty greater than the one in effect on the date the offense was committed would be required.