578 S.E.2d 744

**The STATE, Respondent,**

v.

**Patrick JACKSON, Appellant.**

**No. 3612.**

Court of Appeals of South Carolina.

Heard Jan. 16, 2003.

Decided March 17, 2003.

Chief Attorney Daniel T. Stacey, of SC Office of Appellate Defense, of Columbia; for Appellant.

Attorney General Henry Dargan McMaster; Chief Deputy Attorney General John W. McIntosh; Assistant Deputy Attorney General Donald J. Zelenka; Assistant Attorney General Derrick K. McFarland, of Columbia; Solicitor Walter M. Bailey, Jr., of Summerville; for Respondent.

GOOLSBY, J.:

Patrick Jackson was convicted of and received concurrent sentences for murder, kidnapping, armed robbery, and carjacking.[1]  Jackson appeals.  We affirm.

## FACTS

Prior to the commencement of trial, defense counsel put a motion for recusal on the record, having made the original motion in the trial judge's chambers.  The basis for the motion was that the trial judge was the deputy solicitor in

---

1.  Jackson also received a consecutive sentence for contempt of court.

Orangeburg County both when the crimes were committed and when Jackson was arrested. The judge was sworn in two days after Jackson's arrest. Defense counsel argued that the judge should recuse himself because he had been the "chief law enforcement officer" for the county during crucial points in the history of the case. The judge denied the motion, stating he had no knowledge of the case and had never discussed it with anyone from the solicitor's office or "any law enforcement agency."

## LAW/ANALYSIS

Jackson contends the trial judge erred in denying the motion to recuse. We find this contention is without merit.

Pursuant to Canon 3(E)(1)(a) of Rule 501, SCACR, a judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned.[2] It is not enough for a party seeking disqualification to simply allege bias or prejudice. The party must show some evidence of that bias or prejudice.[3] The alleged bias or prejudice must stem from an extra-judicial source and result in a decision based on information other than what the judge learned from his or her participation in the case as a judge.[4] If there is no evidence of judicial bias or prejudice, a judge's failure to disqualify himself will not be reversed on appeal.[5]

The fact that the trial judge in this case was a deputy solicitor at the time Jackson allegedly committed the crime did not automatically warrant his recusal from the case without more.[6] The trial judge was unfamiliar with the case and had

---

2. *See also Murphy v. Murphy*, 319 S.C. 324, 461 S.E.2d 39 (1995).

3. *Roche v. Young Bros., Inc., of Florence*, 332 S.C. 75, 504 S.E.2d 311 (1998).

4. *Payne v. Holiday Towers, Inc.*, 283 S.C. 210, 321 S.E.2d 179 (Ct.App. 1984).

5. *Ellis v. Procter & Gamble Distrib. Co.*, 315 S.C. 283, 433 S.E.2d 856 (1993).

6. *See Commw. v. Darush*, 501 Pa. 15, 459 A.2d 727 (1983) (holding that the trial court judge did not abuse his discretion in refusing to recuse himself on the basis that the offenses for which the defendant was

not discussed it, either with employees of the solicitor's office or with any law enforcement agency. Indeed, Jackson offered no proof to the contrary.[7]

■ We further note the ultimate outcome of the case, Jackson's conviction, is fully supported by the record.[8] Jackson signed a statement in which he admitted he was present at the commission of the crimes, he drove the carjacked vehicle, and he owned a green Honda Accord. Jackson also identified one of his co-conspirators in a photo lineup. Eyewitness testimony placed Jackson and at least one of his co-conspirators in a green Accord. A green Accord was seen trailing the carjacked vehicle. Jackson's sister also testified that, on the day of the carjacking, she witnessed Jackson and one of his co-conspirators walking down the dirt road where the carjacked vehicle and the victim's body were eventually found. Given

---

convicted occurred when the trial judge was serving as district attorney, where he had taken a statement from a primary witness in the instant case and had prosecuted the defendant on unrelated charges); *see also Laird v. Tatum*, 409 U.S. 824, 93 S.Ct. 7, 34 L.Ed.2d 50 (1972) (where then-Justice Rehnquist held that his recusal was not warranted merely because he was an Assistant Attorney General while Laird was being investigated and prosecuted because Rehnquist did not have any advisory role in any matters involving Laird, had never signed a pleading or brief regarding the case, and had never personally participated in the trial or appeal); *Donald v. Jones*, 445 F.2d 601 (5th Cir.1971) (holding that the defendant was not deprived of a fair and impartial trial because the judge who presided at his pretrial hearing was first assistant district attorney at the time of the commission of the offense because the judge had never heard of the defendant prior to assuming the bench, had not participated in the investigation of the case, and did not sit at the actual trial); *Commw. v. Jones*, 541 Pa. 351, 663 A.2d 142 (1995) (holding that although the judge's name had appeared on papers in connection with the defendant's conviction, which had occurred while the judge was a district attorney, this did not warrant recusal absent a showing that the judge had any direct personal contact with defendant's case during his prosecution and conviction); Rule 501, SCACR, Code of Jud. Conduct Cannon 3(E)(1)(a) (Commentary).

7. *See Roche*, 332 S.C. at 85, 504 S.E.2d at 316 ("If there is no evidence of judicial prejudice, a judge's failure to disqualify himself will not be reversed on appeal.").

8. A judge is not required to recuse himself when no evidence is presented other than claimed adverse rulings by the judge. *Payne*, 283 S.C. at 217, 321 S.E.2d at 183.

the strength of the evidence offered against Jackson at trial, there is no reason to question the trial judge's impartiality.[9]

## CONCLUSION

We find there was no error in the trial judge's denial of Jackson's motion for recusal.[10] There is no reason to challenge the trial judge's impartiality in this matter because the outcome of the case is supported by the record.[11] Accordingly, Jackson's convictions and sentences are

**AFFIRMED.**

HUFF and SHULER, JJ., concur.

9. *See Ellis*, 315 S.C. at 285, 433 S.E.2d at 857.

10. For a general discussion of this particular issue, see Jay M. Zitter, *Prior Representation or Activity as Prosecuting Attorney As Disqualifying Judge from Sitting or Acting in Criminal Case,* 85 A.L.R. 5th 471 § 3 (2001).

11. *See Roche* at 85, 504 S.E.2d at 316.