THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING   EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Gary Slezak, Appellant,
 v.
 State of South Carolina, Respondent.
 
 
 

Appeal From Dorchester County
 Diane S. Goodstein, Circuit Court Judge
Unpublished Opinion No. 2008-UP-005
Submitted December 1, 2007  Filed January
 2, 2008      
AFFIRMED

 
 
 
 Gary Slezak, pro se, of Ridgeville, for Appellant.
 Deputy General Counsel Barton J. Vincent, of Columbia, for
 Respondent.
 
 
 

PER
 CURIAM:  Gary Slezak, a prisoner
 serving a life sentence at the South Carolina Department of Corrections for two
 murders and an armed robbery, appeals the order of the circuit court that
 dismisses his appeal from a decision of Administrative Law Judge Division.  We
 affirm. [1]
On
 May 15, 2000, Slezak filed an inmate grievance with the South Carolina
 Department of Corrections.  It read as follows:

 Request
 that my work credits be corrected to reflect that I be given credit for my
 entire sentence of the court on January 18, 1982.  I have not be[en] given work
 credits and my parole eligibility date is incorrect.  See S.C. Code §
 24-21-635 (1981) & State v. Varner, 310 S.C. 264, 265, 423 S.E.2d
 133, 134 (1992); Al-Shabazz v. State, Op. No. 24995 (S.C. Sup. Ct. refilled Feb. 14, 2000) (Shearouse Adv. Sh. No. 6 at 21). 
 

Where
 the form asked Slezak to describe the action he wanted taken, he responded, Grant
 work credits for entire sentence since court sentenced me until present [and]
 notify parole board of correction.  
The
 Department denied Slezaks grievance after review.  Its decision gave January
 26, 1981, as his commitment date, found him not entitled to receive earned work
 credits because of his life sentence, and listed July 21, 2000, as his parole
 eligibility date.  Slezak appealed, contending the controlling date for work
 credits is . . . the date I was sentenced.  The Department once again denied Slezaks
 grievance on the ground his life sentence precluded him from earning work
 credits. 
The
 Administrative Law Judge Division thereafter affirmed the Departments decision
 and Slezak appealed to the circuit court, contending his initial parole
 eligibility date was later than it should have been had he received earned work
 credits.  That court affirmed the order of the Administrative Law Judge
 Division, finding, among other things, the issue raised by Slezak in his appeal
 regarding his not being given earned work credits to be moot [e]ven if [Slezak]
 was entitled to the work credits.  
We
 agree with the circuit court.  
The
 record shows July 21, 2000, Slezaks initial parole date as determined by the
 Department, has long since come and gone.  Moreover, he was denied parole on
 that date and, apparently, since that time; consequently, the question of
 whether he should have received a parole hearing at an earlier date because of
 earned work credits to which he may have been entitled is of no moment.  He proved
 not to be a candidate for parole in any case.  For us to decide the question of
 whether the Department wrongfully denied Slezak earned work credits would
 accomplish nothing and would constitute merely an advisory opinion on our part. 
 We do not issue advisory opinions.  Dodge v. Dodge, 332 S.C. 401, 420, 505
 S.E.2d 344, 354 (Ct. App. 1998). 
Slezak
 also appeals the circuit courts holding that the Court of General Sessions
 lacked subject matter jurisdiction at the time he entered his guilty plea. 
 This issue is manifestly without merit.  State v. Gentry, 363 S.C. 93, 610
 S.E.2d 494 (2005); see Rule 220(2), SCACR (The Court of Appeals need
 not address a point which is manifestly without merit). 
Finally,
 Slezak appeals the failure of the circuit court to convert his grievance
 petition into a post-conviction application.  This issue was neither raised to
 nor ruled upon by the circuit court and may not now be heard.  See Wilder
 Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 333 (1998) (an issue
 cannot be raised for the first time on appeal, but must have been raised to and
 ruled upon by the trial judge to be preserved for appellate review).   
AFFIRMED.
Huff
 and Pieper, JJ. and Goolsby, A.J. concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.