THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Eddie Simmons, Appellant.
 
 
 

Appeal From Beaufort County
 J. Ernest Kinard, Jr., Circuit Court
Judge

Unpublished Opinion No. 2012-UP-290
 Submitted March 1, 2012 - Filed May 9,
2012 

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia; and
 Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.
 
 
 

PER CURIAM: Eddie Simmons appeals the circuit court's
 denial of his motion to reconsider his sentence for second-degree burglary,
 non-violent. Simmons argues a statutory amendment that lowered the maximum
 sentence for the offense, which became effective after his sentencing, should
 be applied retroactively to his case. We
 affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v.
 Warren, 392 S.C. 235, 237-38, 708 S.E.2d 234, 235 (Ct. App. 2011)
 ("The authority to change a sentence rests solely and exclusively within the discretion of the sentencing judge."); State v. Varner, 310
 S.C. 264, 265, 423 S.E.2d 133, 133 (1992) ("In the absence of a controlling statute, the common law requires that a
 convicted criminal receive the punishment in effect at the time he is
 sentenced, unless it is greater than the punishment provided for when the
 offense was committed."); id. at 265, 423 S.E.2d at 134 ("The correct penalty is the one in effect at
 the time of sentencing, even if the penalty is repealed while appeal is
 pending."); id. ("[A] criminal defendant receives the benefit
 of punishment mitigated by legislative amendment only when the amendment
 becomes effective before sentence is pronounced."). 
AFFIRMED.
FEW, C.J., and
 HUFF and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.