**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

State of South Carolina, Respondent,

v.

Robin Cardneas, Defendant, Smith's Insurance & Bail, Bondsman, and Palmetto Surety Corporation, Surety,

Of Whom Smith's Insurance & Bail and Palmetto Surety Corporation are the Appellants.

Appellate Case No. 2011-188206

———————————

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-411
Submitted October 1, 2013 – Filed November 6, 2013

———————————

**AFFIRMED**

———————————

John Eric Kaufmann, of The Law Office of John Eric Kaufmann, and Andrew F. Litvin, of Litvin Law Group, LLC, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant

Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

———————————

**PER CURIAM:**  Smith's Insurance & Bail and Palmetto Surety Corporation appeal the estreatment order of Robin Cardneas's surety bond, arguing the trial judge erred by (1) issuing the order without considering the statutorily required factors for remitting judgment on a bond forfeiture, and (2) failing to recuse herself when she exhibited a personal bias toward the solicitor.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial judge erred by issuing the order without considering statutorily required factors for remitting judgment on a bond forfeiture: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal.").

2.  As to whether the trial judge erred by failing to recuse herself when she exhibited a personal bias toward the solicitor: *Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693-94 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Jackson*, 353 S.C. 625, 627, 578 S.E.2d 744, 745 (Ct. App. 2003) ("It is not enough for a party seeking disqualification to simply allege bias or prejudice.  The party must show some evidence of that bias or prejudice." (internal citation omitted)).

**AFFIRMED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

———————————

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.