**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Harry Anthony, Appellant.

Appellate Case No. 2012-206627

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2014-UP-388
Submitted September 1, 2014 – Filed November 5, 2014

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial judge erred in denying Anthony's motion for a mistrial: *State v. George*, 323 S.C. 496, 510, 476 S.E.2d 903, 911-12 (1996) ("If the trial judge sustains a timely objection to testimony and gives the jury a curative instruction to disregard the testimony, the error is deemed to be cured."); *State v. Patterson*, 337 S.C. 215, 226, 522 S.E.2d 845, 850 (Ct. App. 1999) ("Because a trial [judge's] curative instruction is considered to cure any error regarding improper testimony, a party must contemporaneously object to a curative instruction as insufficient *or* move for a mistrial to preserve an issue for review."); *State v. Heller*, 399 S.C. 157, 174, 731 S.E.2d 312, 321 (Ct. App. 2012), *cert granted on other grounds*, S.C. Sup. Ct. Order dated May 23, 2014 ("No issue is preserved for appellate review if the objecting party accepts the judge's ruling and does not *contemporaneously* make an additional objection to the sufficiency of the curative charge or move for a mistrial.").

2.  As to whether the trial judge erred in failing to recuse himself: *State v. Jackson*, 353 S.C. 625, 627, 578 S.E.2d 744, 745 (Ct. App. 2003) ("If there is no evidence of judicial bias or prejudice, a judge's failure to disqualify himself will not be reversed on appeal."); *State v. Langford*, 400 S.C. 421, 438, 735 S.E.2d 471, 480 (2012) ("[W]e will not presume the judge is partial simply because he was selected by the prosecutor, for adopting such a rule would conflate[ ] the appearance of partiality with actual partiality.  In order to be entitled to relief, a defendant therefore must establish actual partiality and prejudice on the part of the judge." (second alteration in original) (citations and internal quotation marks omitted)); *State v. Cheatham*, 349 S.C. 101, 112, 561 S.E.2d 618, 624 (Ct. App. 2002) (determining the trial judge did not need to recuse himself based on Cheatham's accusation that "the solicitor acted improperly in choosing not to call the case before [a different judge]" because the solicitor's actions "did not affect [the trial judge's] ability to preside over Cheatham's case").

3.  As to whether the trial judge erred in failing to give Anthony credit for time-served while he was on house arrest: *State v. Varner*, 310 S.C. 264, 265, 423 S.E.2d 133, 133-34 (1992) ("In the absence of a controlling statute, the common law requires that a convicted criminal receive the punishment in effect at the time he is sentenced, unless it is greater than the punishment provided for when the offense was committed.  The correct penalty is the one in effect at the time of sentencing, even if the penalty is repealed while appeal is pending.  Thus, a criminal defendant receives the benefit of punishment mitigated by legislative amendment only when the amendment becomes effective before sentence is

pronounced." (internal citations omitted)); *id.* at 266, 423 S.E.2d at 134 ("[P]rospective application is presumed absent a specific provision or clear legislative intent to the contrary." (citation omitted)); S.C. Code Ann. § 24-13-40 (Supp. 2013) (containing no language about retroactive application).

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.