**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kanettanee Williams Haynes, Appellant,

v.

Jimmy A. Haynes, Respondent.

Appellate Case No. 2023-001803

———————

Appeal From Spartanburg County
Angela J. Moss, Family Court Judge

———————

Unpublished Opinion No. 2026-UP-179
Submitted April 20, 2026 – Filed April 22, 2026

———————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————

Kanettanee Williams Haynes, of Spartanburg, pro se.

Jimmy A. Haynes, of Greer, pro se.

———————

**PER CURIAM:** Kanettanee Williams Haynes (Wife) appeals the family court's distribution of marital property in the divorce action she filed against Jimmy A. Haynes (Husband).[1] She also appeals the family court's order denying her motion

---

[1] The family court granted Wife a divorce on the fault ground of adultery.

to reconsider filed pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure.  On appeal, Wife argues the family court abused its discretion in (1) showing bias in awarding Husband the combined value of fifty percent of Wife's pension contributions and fifty percent of the equity in the marital home out of proceeds from the sale of the marital home; (2) weighing the factors enumerated in section 20-3-620(B) of the South Carolina Code (2014) such that Husband—the party at fault in the divorce—received greater benefits from the apportionment than Wife, thus demonstrating prejudice against Wife; (3) failing to include Husband's monetary judgment from a separate lawsuit in the marital estate; (4) failing to award Wife attorney's fees; (5) failing to address Husband's retirement account withdrawals during the separation, Husband's sale of a luxury vehicle during the separation, and the issue of child support; (6) failing to render an impartial decision; and (7) violating Wife's due process rights.  We affirm in part, reverse in part, and remand pursuant to Rule 220(b), SCACR.[2]

1.  To the extent that Wife argues the family court's rulings as a whole were biased against her, we hold Wife failed to present evidence of judicial prejudice or bias. *See Patel v. Patel*, 359 S.C. 515, 524, 599 S.E.2d 114, 118 (2004) ("Under South Carolina law, if there is no evidence of judicial prejudice, a judge's failure to disqualify [her]self will not be reversed on appeal."); *State v. Jackson*, 353 S.C. 625, 627, 578 S.E.2d 744, 745 (Ct. App. 2003) ("It is not enough for a party seeking disqualification to simply allege bias or prejudice.  The party must show some evidence of that bias or prejudice.  The alleged bias or prejudice must stem from an extra-judicial source and result in a decision based on information other than what the judge learned from his or her participation in the case as a judge." (footnote omitted)).  Further, as to issue six—alleging the family court failed to render an impartial decision—we hold Wife failed to present evidence imputing bias or prejudice from an extra-judicial source to the family court or evidence showing the family court's decision was based upon information other than what it learned by participating in the case.  *See Jackson*, 353 S.C. at 627, 578 S.E.2d at 745 ("It is not enough for a party seeking disqualification to simply allege bias or prejudice.  The party must show some evidence of that bias or prejudice.  The alleged bias or prejudice must stem from an extra-judicial source and result in a

---

[2] Husband, the respondent, did not file a brief.  This court may take any action it deems proper—including reversal—when a respondent fails to timely file a brief. *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision[,] or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

decision based on information other than what the judge learned from his or her participation in the case as a judge." (footnote omitted)).

2. As to issues one and two, concerning the equitable distribution, we hold the family court failed to make requisite findings identifying the parties' contributions to the marital property and the fair market value of the marital home. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); § 20-3-620(B) (requiring the family court to "give weight in such proportion as it finds appropriate" to fifteen factors in apportioning marital property, including "the value of the marital property," and "liens and any other encumbrances upon the marital property, which themselves must be equitably divided"); *Buist v. Buist*, 399 S.C. 110, 118, 730 S.E.2d 879, 883 (Ct. App. 2012) ("Utilizing [the] fifteen factors[ set forth in section 20-3-620(B)], the family court must: (1) identify the marital property to be divided between the parties; (2) determine the fair market value of the property; (3) apportion the marital estate according to the contributions, both direct and indirect, of each party to the acquisition of the property during the marriage, their respective assets and incomes, and any special equities they may have in marital assets; and (4) provide for an equitable division of the marital estate, including the manner in which the distribution is to take place."), *aff'd as modified on other grounds*, 410 S.C. 569, 766 S.E.2d 381 (2014); *id*. (reversing the family court's distribution of marital property and remanding the issue when the family court "divided certain real and personal property without determining the fair market value of all the property"). Here, the family court's orders together provided that the equitable distribution of value in the marital home and the parties' retirement funds would be satisfied using either (1) the value of equity in the marital home, if Wife was able to refinance the home, or (2) proceeds from the sale of the marital home, if Wife was unable to refinance the home.[3] However, in apportioning the marital estate, the family court failed to identify the fair market value of the marital home. Therefore, because the family court's orders and the record on appeal do not indicate the whole value of the marital estate, this court is unable to determine the fairness of the overall equitable distribution of the marital estate on appeal. *See Smith v. Smith*, 425 S.C. 119, 139, 819 S.E.2d 769, 779 (Ct. App. 2018) ("The ultimate goal of [equitable] apportionment is to divide the marital estate, as a whole, in a manner that fairly reflects each spouse's contribution to the economic partnership and also the effect on each of the parties of ending that partnership." (alteration in original) (quoting

---

[3] The family court granted Wife the option to refinance the marital home in its order on her motion to reconsider.

*King v. King*, 384 S.C. 134, 143, 681 S.E.2d 609, 614 (Ct. App. 2009))). Accordingly, we reverse the family court's distribution of the marital estate and remand the issue of equitable distribution to the family court for a determination in a manner consistent with this opinion, including identifying the fair market value of the marital property and the parties' contributions to the marital property and fairly apportioning the marital property. Because we reverse and remand the equitable distribution on these grounds, we decline to address issue three and issue five insofar as it involves the family court's failure to address Husband's sale of a luxury vehicle and withdrawal of retirement funds. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (recognizing the appellate court need not address a remaining issue when its disposition of a prior issue is dispositive).

3. As to issue four, we hold the family court did not err in declining to address Wife's request for attorney's fees. *See Stone*, 428 S.C. at 92, 833 S.E.2d at 272 (stating the appellate court "reviews a family court's award of attorney's fees de novo"). Wife acknowledges she did not submit an affidavit of fees; moreover, the family court stated it was unable to consider an award of attorney's fees because "no evidence was presented regarding Wife's attorney['s] fees." *See* S.C. Code Ann. § 63-3-530(A)(38) (2010) (stating attorney's fees "*may* be assessed for or against a party to an action brought in or subject to the jurisdiction of the family court" (emphasis added)); *id*. (providing that "the court shall allow a reasonable sum for the claim *if it appears well-founded*" when "either party in his or her complaint, answer, counterclaim, or motion for pendente lite relief prays for the allowance of suit money" (emphasis added)); *Gainey v. Gainey*, 279 S.C. 68, 70, 301 S.E.2d 763, 764 (1983) (per curiam) (indicating a party's failure to offer evidence on the issue of attorney's fees precludes the party from satisfying his or her burden of showing the request for attorney's fees is well-founded); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (requiring the family court to consider "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living" in determining whether to award attorney's fees); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (requiring the family court to consider "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services" in determining whether an amount of attorney's fees is reasonable).

4.  As to the remainder of issue five, we hold the issue of child support is not preserved for appellate review because although Wife raised the issue to the family court, the family court did not rule on the issue in its final order and Wife did not raise the issue in her motion to reconsider.  *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party *must* file [a Rule 59(e)] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

5.  We hold issue seven is not preserved for appellate review because Wife failed to raise the issue of due process to the family court.  *See Bakala v. Bakala*, 352 S.C. 612, 625, 576 S.E.2d 156, 163 (2003) ("A due process claim raised for the first time on appeal is not preserved.").

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[4]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.